IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Andrea J. Magwood, | ) | Civil Action No. 2:15-1600-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Alice Streetman, Patty Lobik, North | ) | **REPORT AND RECOMMENDATION** |
| Charleston Building Inspection, North | ) | |
| Charleston Police Department, South | ) | |
| Carolina Department of Labor, Licensing | ) | |
| and Regulation, LLR, and Geraldine Grant, | ) | |
| | ) | |
| Defendants. | ) | |

This action, which arises out of Plaintiff's arrest by the North Charleston Police Department, has been filed by the Plaintiff against various Defendants. Plaintiff asserts six separate causes of action.

All of the named Defendants (except for the Defendant Grant) have filed motions to dismiss Plaintiff's Amended Complaint pursuant to Rule 12, Fed.R.Civ.P. Plaintiff, who originally filed this action pro se, but is now represented by counsel, has filed memoranda in opposition to all of the motions to dismiss, to which the Defendants have filed reply memoranda. These motions are now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The Defendants (except for the Defendant Grant) have all filed motions (continued...)

1



### Allegations of the Amended Complaint

Plaintiff alleges in her Amended Complaint that she was the owner, and worked at, Genesis Community Center (a/k/a Fair Havens Manor), an assisted living facility in North Charleston, South Carolina. Plaintiff alleges that she has over thirty-five (35) years experience "caring for others", including at the local Veteran Affairs Hospital. <u>Amended Complaint</u>, ¶ ¶ 12, 14. Plaintiff further alleges that she hired only experienced and capable care givers to work at her facility, which were well run and provided quality care to the residents. <u>See generally</u>, <u>Amended Complaint</u>, ¶ ¶ 16-37, 49-50.

Plaintiff alleges that she was "unlawfully" arrested by Officer Tamar Driggers of the North Charleston Police Department on March 12, 2012,[2] on the charge of "neglect of a vulnerable adult".[3] Plaintiff alleges that this "false charge" was subsequently <u>nolle prosed</u> for insufficient

---

[1](...continued)
to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]Although the Complaint states that March 12, 2012 was the date of Plaintiff's arrest, Plaintiff also lists the date "04/12/12" in the Complaint; <u>see</u> <u>Amended Complaint</u>, ¶ 38; and the Defendants Streetman and Lobik have provided a copy of Plaintiff's indictment reflecting an arrest date of April 12, 2012, based on an event that occurred on or about April 5, 2012. <u>See</u> Exhibit (Court Docket No. 22-1). The Court may properly consider this exhibit in resolving the pending motions, as the Court may consider as part of its review of a Rule 12 motion any document that is a matter of public record or that is "integral to or explicitly relied on in the Complaint". <u>Phillips v. LCI International, Inc.</u>, 190 F.3d 609, 618 (4th Cir. 1999); <u>see also</u> <u>Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.</u>, 367 F.3d 212, 234 (4th Cir. 2004); <u>Philips v. Pitt Co. Memorial Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) [Court may properly take judicial notice of matters of public record when reviewing a Rule 12 motion to dismiss]. Therefore, it appears that the date of "March 12, 2012" set forth in the Amended Complaint is a typographical error, and that the correct date of Plaintiff's arrest was actually April 12, 2012.

[3]This is the second time Plaintiff has filed a lawsuit in this Court arising out of her having been arrested on the charge of mistreatment of a vulnerable adult. <u>See</u> <u>Magwood v. Whitworth</u>, C.A.
(continued...)



evidence and lack of probable cause.  Id., ¶ 38.  Even so, Plaintiff alleges that when she was arrested, Driggers kept her "handcuffed in the squad car for over an hour, to the dismay and horror of the residents, causing the Plaintiff emotional distress and injury . . . .".  Id., ¶ 39.

Plaintiff alleges that she was falsely charged because of a "false accusation" made by the Defendants Streetman and Lobik.  Id., ¶ 41.  Specifically, Plaintiff alleges that Streetman and Lobik alleged that Plaintiff had not taken proper care of a resident named Joseph Roberts (now deceased), even though he was treated very well, received medical care and treatment at the facility, and was referred to a hospital (MUSC) when deemed necessary in March 2012.  Id..  Plaintiff also alleges that Streetman told her that she did not think Plaintiff needed more than eight to nine residents, even though Plaintiff was licensed for twenty and the beds were needed.  Plaintiff further alleges that once she was permitted to have over fifteen (15) residents, she believes she may have been investigated for not paying Five Hundred Dollars ($500.00) for the additional residents.  Id., ¶ 45.

Plaintiff alleges that "due to ineffective assistance of counsel via a public defender", she pled to "Obstruction of an Investigation of Title 43 Violation" without adequately understanding her rights or the likelihood of success at trial.[4]  Plaintiff blames this on not being able to afford a private attorney.  Plaintiff alleges that she "did not understand that she was entering a guilty plea to

---

[3](...continued)
No. 09-2751.  That previous case was dismissed on summary judgment.  Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[4]Although Plaintiff states in her Amended Complaint that her charges were nol prossed, the Indictment (Court Docket No. 22-1) provided as an exhibit (previously referenced) shows that when her charge was nol prossed, it was because Plaintiff "pled to related charge under Direct Indictment". This appears to be the plea Plaintiff is referencing in ¶ 48 of her Amended Complaint.



anything - she believed that all the charges were being dropped, as they should have been". Plaintiff alleges that her guilty plea was due to her being under too much "anxiety and stress to comprehend" what she was doing. Id., ¶ 48. Plaintiff alleges that this "entire ordeal may have been averted and avoided had not [Defendant] Geraldine Grant falsely reported and misrepresented". Plaintiff alleges that Grant "sought a retaliatory campaign to smear the Plaintiff with misleading, false, and even concocted allegations". Id., ¶ 51.

In her **First Cause of Action** Plaintiff alleges that the Defendants City of North Charleston, North Charleston Police Department; City of North Charleston, North Charleston Building Inspection Department; South Carolina Department of Labor, Licensing, and Regulation (LLR); as well as the named natural Defendants Streetman, Lobik and Grant, violated her constitutional rights "when she was unjustly arrested based on improper allegations without supporting evidence", as is demonstrated "by the 'nolle prosequi' ruling". This Cause of Action is brought pursuant to 42 U.S.C. § 1983.[5] See generally, Amended Complaint, ¶ ¶ 53-56.

In her **Second Cause of Action** Plaintiff asserts a state law claim for malicious prosecution against the Defendants City of North Charleston and North Charleston Police Department. Plaintiff alleges that these Defendants prosecuted Plaintiff on the charge of neglect of a vulnerable adult, and that the Defendants had "malice" in instituting and prosecuting such

---

[5] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

4



proceedings,[6] which were eventually terminated in her favor when they were nolle prosed due to lack of probable cause. Id., ¶¶ 57-62.

In her **Third Cause of Action** Plaintiff asserts a common law false imprisonment claim against the Defendants City of North Charleston and North Charleston Police Department. In this cause of action, Plaintiff is asserting the "common law tort of false imprisonment in effecting her arrest". Id., ¶¶ 63-68.

In her **Fourth Cause of Action** Plaintiff asserts a claim for intentional infliction of emotional distress (Outrage) against all of the named Defendants. Plaintiff alleges that the Defendants intentionally or recklessly subjected her to harassing conduct by making a malicious and false statement leading to her arrest, that her arrest was carried out in a manner that unnecessarily humiliated her and distressed the Plaintiff, and that the Defendants actions were so extreme and outrageous as to exceed all possible bounds of decency such that no reasonable person could be expected to endure it. Id., ¶¶ 69-73.

In her **Fifth Cause of Action** Plaintiff asserts a common law claim of civil conspiracy against all of the named Defendants. Plaintiff alleges that there was collusion among the Defendants to engage in conduct, the primary purpose or object of which was to injure the Plaintiff by making unfounded allegations in order to bring unwarranted criminal charges, and that this conspiracy resulted in special damages to the Plaintiff beyond those of the other allegations of the Complaint.

---

[6]Unlike a federal malicious prosecution claim, malice is an element of a state law claim for malicious prosecution under South Carolina common law. See Pallares v. Seinar, 756 S.E.2d 128, 131 (S.C. 2014). Malice is defined as "the deliberate intentional doing of an act without just cause or excuse". Law v. S.C. Dep't of Corrections, 629 S.E.2d 642, 651 (S.C. 2006) (internal cites omitted); but see also McBride v. Sch. Dist. of Greenville Cty., 698 S.E.2d 845, 856 (S.C.Ct. App. 2010).



Id., ¶¶ 74-80.

Finally, in her **Sixth Cause of Action** Plaintiff asserts a state law claim of defamation against all the named Defendants. Plaintiff alleges that false and defamatory communiques were issued by all of the Defendants at one time or more, that these communiques were issued to third parties and the public, and that they were false and defamatory as to her profession thereby constituting defamation per se, resulting in damages to the Plaintiff.

Plaintiff seeks monetary damages, including punitive damages, as well as other relief. See generally, Plaintiff's Amended Complaint.

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[O]n a motion to dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable fact finder to find defendants liable." Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004). After consideration of Defendants' motions pursuant to this standard, the undersigned finds for the reasons set forth hereinbelow that the motions should be **granted**, in part, and **denied** in part.

### First Cause of Action

As noted, Plaintiff's First Cause of Action is against all of the named Defendants. Plaintiff alleges that her constitutional rights were violated when she "was unjustly arrested based



on improper allegations without supporting evidence". This is a quintessential false arrest claim.[7]

**City Department Defendants**. Initially, the Defendant North Charleston Police Department correctly notes that it is not an entity subject to suit under § 1983. See generally, McNeil v. Rockhill Police Department, No. 12-933, 2012 WL 6863917, at * 2 (D.S.C. Dec. 27, 2012) [Dismissing local police department as it is not a legal entity subject to suit]; Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) [Dismissing police department as it is not a sueable entity]; Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D.Ga. 1984) [Dismissing city police department as a party defendant because it "is merely the vehicle through which the City government fulfils its policing functions"]. Similarly, the North Charleston Building Inspection Department is also "merely the vehicle through which the City government fulfils" its governmental function of issuing building permits, and is therefore also not a legal entity subject to suit under § 1983. Shelby, 578 F.Supp. at 1370; cf. College Hill Properties, LLC v. City of Worcester, 135 F.Supp.3d 10, 12, n. 1 (D.Mass. 2015) [Finding that Departments of Building and Zoning, Health and Housing Inspections, and Inspectional Services, along with other agency defendants are not independent legal entities, and that any claim asserted as a result of actions by any of them are deemed claims against the city]. Rather, the City of North Charleston is the proper entity to sue under this claim. Cf. Post v. City of Fort Lauderdale, 750 F.Supp. 1131 (S.D.Fl. 1990) [Dismissing city police department as

---

[7]While Plaintiff has also asserted a claim for false "imprisonment" in her Third Cause of Action, a claim that is often conflated with the claim of false "arrest"; Martin v. Lott, No. 07-3782, 2010 WL 597209, at * 1-2 (D.S.C. Feb. 16, 2010); Andrews v. Piedmont Airlines, 377 S.E.2d 127, 129-130 (S.C.Ct.App. 1989); Plaintiff's First Cause of Action for false arrest is asserted as a federal constitutional claim, while Plaintiff's Third Cause of Action for false imprisonment is asserted under state law. See Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990) [Noting that the tort of false imprisonment under South Carolina law consists of depriving a person of his liberty without lawful justification.



a party defendant because the city itself was the proper party to be sued]; <u>College Hill</u>, 135 F.Supp.3d at 12, n. 1.

Therefore, the Defendants North Charleston Police Department and North Charleston Building Inspection Department are entitled to dismissal as party Defendants under this cause of action, even if it were otherwise to proceed.

**State Agency Defendant**.  The Defendant South Carolina Department of Labor, Licensing and Regulation is a state agency.  State agencies, as part of the State of South Carolina, enjoy Eleventh Amendment immunity from a suit for damages in federal court.  <u>Milla v. Colleton County Sheriff's Office</u>, No. 15-1253, 2015 WL 2172681 at * 1 (D.S.C. May 7, 2015) [States agencies and departments are considered arms of the state, and are entitled to Eleventh Amendment Immunity]; <u>see</u> <u>also</u> <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 99 (1984); <u>Will v Michigan Dep't of State Police</u>, 491 U.S. 58, 66, 71 (1989); <u>Brooks-McCollum v. Delaware</u>, 213 Fed.Appx. 92, 94 (3rd Cir. 2007); <u>Coffin v. South Carolina Dep't of Social Services</u>, 562 F.Supp. 579, 583-585 (D.S.C. 1983); <u>Belcher v. South Carolina Board of Corrections,</u> 460 F.Supp. 805, 808-809 (D.S.C. 1978).

Therefore, the South Carolina Department of LLR is also entitled to dismissal as a party Defendant under this cause of action.

**Statute of Limitations**.  With respect to the remaining Defendants, the first argument they present is that Plaintiff's § 1983 false arrest claim is barred by the applicable statute of limitations.  Claims asserted under § 1983 are subject to the analogous state statute of limitations for personal injury claims, which in South Carolina is three years.  <u>See</u> S.C.Code Ann. § 15-3-530(5); <u>see</u> <u>also</u> <u>Huffman v. Tuten</u>, 446 F.Supp. 2d 455 (D.S.C. 2006); <u>Soucillo v. Samuels</u>, No. 12-240,



2013 WL 360258, at * 8 (D.S.C. 2013) [Bivens claim]; Wilson v. Garcia, 471 U.S. 261, 280 (1985).

Defendants argue that Plaintiff's false arrest claim arose on April 12, 2012, when Plaintiff alleges

she was "unjustly arrested", and that since Plaintiff did not file this action[8] until April 13, 2015,

which was three years and one day after her alleged unjust arrest, this claim is subject to dismissal

for having been filed outside of the applicable statute of limitations.

However, even assuming that Plaintiff could have brought her claim under § 1983

immediately upon her allegedly false arrest, that does not entitle the Defendants to dismissal of this

claim on statute of limitations grounds, as "the statute of limitations for false imprisonment does not

begin to run at the *outset* of a Plaintiff's false imprisonment; rather, limitations begin to run only at

the *end* of a Plaintiff's false imprisonment". Owens v. Baltimore City States Attorneys Office, 767

F.3d 379, 389 (4th Cir. 2014), citing Wallace v. Kato, 549 U.S. 384, 389 (2007). Hence, Plaintiff's

purportedly false arrest did not end until she was detained pursuant to legal process. It is only at that

point that her claim for false arrest ceased, and thereafter became one for malicious prosecution.

Singer v. Fulton County Sheriff, 63 F.3d 110, 117-118 (2nd Cir. 1995); Wallace, 549 U.S. at 388-389

[Noting that "[f]alse arrest and false imprisonment overlap; the former is a species of the later",

referring to the two claims together in the decision as "false imprisonment", and holding that

"[r]eflective of the fact that false imprisonment consists of detention without legal process, a false

imprisonment ends once the victim becomes held pursuant to such process - when, for example,

[s]he is bound over by a magistrate or arraigned on charges . . . Thereafter, unlawful detention forms

---

[8]Although there are also questions surrounding the service of process in this case, under Rule
3, Fed.R.Civ.P., a civil action is commenced upon filing, not upon service of process. Williams v.
Holman, No. 11-274, 2013 WL 3050654 at * 3 (D.S.C. June 14, 2013). Therefore, the filing of the
Complaint stopped the running of the limitations period for purposes of Plaintiff's federal claim.



part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process"] (internal citations omitted).

Here, while the allegations of the Complaint set forth a claim for false arrest based on Plaintiff's arrest on April 12, 2012, when exactly she was detained pursuant to legal process and her claim then converted over from a false arrest claim (thereby starting the running of her limitations period) to a malicious prosecution claim (Plaintiff's Second Cause of Action) cannot be determined from the pleadings.[9]  However, that is not a deficiency that would warrant a dismissal of this claim under Rule 12 under the facts of this case, because the defense of an expired statute of limitation for this claim is an affirmative defense.  American Tower Asset Sub, LLC v. Pta-Fla, Inc., No. 15-3700, 2016 WL 3981225 at * 1 (D.S.C. July 25, 2016) [Only where there are facts sufficient to rule on an affirmative defense alleged in the complaint, can the affirmative defense of statute of limitations be reached in a motion to dismiss].  Therefore, unless it is apparent from a plain reading of the allegations of the Complaint that a claim has been filed outside the applicable statute of limitations (which is not the case here), Defendants will need to submit evidence to establish (if

---

[9]Defendants may contend (although not discussed in their memoranda) that a false "arrest" only applies to the time of the actual arrest, while false "imprisonment" is what would continue to run until the prisoner becomes held pursuant to legal process (at that time then converting over to a malicious prosecution claim).  However, the Supreme Court in Wallace did not make that distinction, instead considering the two claims (false arrest and false imprisonment) under the same standard for determining when the claim ended, and a claim of malicious prosecution began.  Wallace, 549 U.S. at 388-389; see also Kenley v. District of Columbia, 83 F.Supp.3d 20, 41 (D.D.C. 2015) [There is no real difference as a practical matter between false arrest and false imprisonment], citing Hernandez v. District of Columbia, 845 F.Supp.2d 117, 119, n. 7 (D.D.C. 2012); Morgan v. County of Nassau, 720 F.Supp.2d 229, 236 (E.D.N.Y. 2010) [Making no distinction between claims for false arrest and false imprisonment under § 1983]; Funke v. Coogle, No. 11-310, 2013 WL 209602 at * 8 (W.D.Ky. Jan. 17, 2013) (citing Dunn v. Felty, 226 S.W.3d 68, 71 (S.C.Ky. 2007)); Nerswick v CSX Transp., Inc., 692 F.Supp.2d 866, 882 (S.D.Ohio Feb. 19, 2010).



indeed they can) that Plaintiff's filing of the Complaint on April 13, 2015 was outside of the three year statute of limitations.  American Tower Asset, supra;  Luberda ex rel. Luberda v. Purdue Frederick Corp., No. 13-897, 2014 WL 1315558 at * 7 (D.S.C. Mar. 28, 2014) [Motion to dismiss based on statute of limitations denied]; see also Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005) ["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"].

As such, the Defendants are not entitled to dismissal of this claim at this time on a Rule 12 motion on the ground that it was filed outside of the statute of limitations.  Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

**Service of Process Issues**.  The docket reflects that upon the pro se filing of the original Complaint, a proper form Order was entered granting Plaintiff's motion to proceed IFP, and allowing Plaintiff twenty-one (21) days from the date of that Order (June 23, 2015) to complete and return Summons and Forms USM-285 for each Defendant.  Plaintiff subsequently returned Summons and completed Forms USM-285 for the Defendants Streetman, Lobik, and City of North

11



Charleston Building Inspection Office. <u>See</u> Court Docket No. 10 (Court only).[10]  No service

documents were provided for the Defendants City of North Charleston, North Charleston Police

Department, South Carolina Department of LLR, or Geraldine Grant.

Shortly thereafter, an Amended Complaint was filed in this case by retained counsel,

at which point Plaintiff was no longer proceeding <u>pro se</u>.  An Order was then issued directing the

Clerk of Court to issue and forward the Summons to the Plaintiff for service of process, notifying

Plaintiff's counsel that Plaintiff was responsible for service of process as to all Defendants under

Rule 4, Fed.R.Civ.P.,[11] and that the ninety (90) day period for service of process under Rule 4(m)

would be calculated from the date of that Order (January 29, 2016). <u>See</u> Court Docket No. 16.

Therefore, the service period in this case pursuant to Rule 4(m) expired on April 28, 2016.

The City Defendants as well as the South Carolina Department of LLR concede that

they were thereafter timely served with process. <u>See</u> Court Docket Nos. 19-1, p. 2; 21-1, p. 2.

Defendants Streetman and Lobik assert in their motion to dismiss, <u>inter alia</u>, that they were never

timely serviced with process in this case. <u>See</u> Court Docket No. 22, pp. 2-3.  Even so, neither

Streetman or Lobik have moved for dismissal on this basis.  Further, following the filing of the

motions to dismiss, Plaintiff filed affidavits of service showing service on both of these two

Defendants on March 3, 2016 (in their official capacities), on the Defendant Lobik (in her individual

capacity) on March 3, 2016, and on the Defendant Streetman (in her individual capacity) on March

---

[10]Service documents were also provided for Officer Tamar Driggers, although she has not been named as a Defendant in this case.

[11]That Order also noted that, while Plaintiff had previously submitted summons for some Defendants when she was proceeding <u>pro se</u>, she had not submitted summons for all of the Defendants.



21, 2016.  See Exhibits (Court Docket No. 24-1, pp. 3-4, 6).  Neither Streetman nor Lobick have

submitted any argument disputing or contesting these filed affidavits of service.  Therefore, the

undersigned does not find that any of these Defendants are entitled to dismissal of this action for

failure of the Plaintiff to serve them with process in this case.

However, there has been no evidence submitted by either the Plaintiff or by any

Defendant showing that the Defendant Geraldine Grant has ever been served with process in this

case.  Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within ninety (90) days

after the complaint is filed, the court - on motion or on its own after notice to the Plaintiff - must

dismiss the action without prejudice against that Defendant . . . but if the Plaintiff shows good cause

for the failure, the court must extend the time for service for an appropriate period."  Here, pursuant

to order of the Court the time for service began to run on January 29, 2016, and the ninety (90) day

period for service provided by Rule expired on April 28, 2016.[12]  Therefore, unless Plaintiff has

made proper service on the Defendant Grant, she is entitled to dismissal as a party Defendant.

**Plaintiff is herein specifically advised and placed on notice that, in response to**

**this Report and Recommendation, she is to provide the Court with proof of service on the**

**Defendant Grant, or present good cause to the Court for any failure to serve this Defendant,**

---

[12]Rule 4(m) Fed.R.Civ.P. previously allowed one hundred twenty (120) days for service of a Complaint.  However, this rule was amended on December 1, 2015 to reduce the period for effecting service to ninety (90) days.  Although this case was filed prior to that date, the service Order entered by the Court on January 29, 2016 specifically advised Plaintiff of the new service limitation in effect on that date.  In any event, even if the one hundred twenty (120) day period still applied (since Plaintiff's original Complaint was filed prior to December 1, 2015), more than one hundred twenty (120) days has expired since the entry of the Court's Order on January 29, 2016, and, as noted hereinabove, there is no evidence that the Defendant Geraldine Grant has ever been served with process in this case.



**within ten (10) days of the filing of this Report and Recommendation.**[13]  Failure to do so will result in Grant being dismissed as a party Defendant.

**Defendant City of North Charleston**.  With respect to Plaintiff's § 1983 claim for false arrest, the City of North Charleston correctly notes that, even assuming *arguendo* that Plaintiff did suffer a deprivation of a constitutional right, it is not liable for any injuries stemming from such deprivation under § 1983 unless the deprivation alleged was the result of "an official policy or custom" of the City.  See Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999), citing Monell v. Department of Social Services, 436 U.S. 658, 690-691 (1978).  The City of North Charleston argues that Plaintiff has failed to meet her burden of pleading sufficient facts in her Amended Complaint to establish liability due to an official policy or custom of the City, and the undersigned agrees.

Municipal liability may be imposed where, for example, the municipality through its written ordinances and regulations, affirmative decisions of individual policy making officials, omissions by policy making officials that manifest deliberate indifference to the rights of citizens, or practices so persistent and widespread and so permanent and well settled as to constitute a customer usage with the force of law, are found to exist.  Carter, 164 F.3d at 218.  Here, Plaintiff's Amended Complaint fails to contain any allegations to show that the conduct of which Plaintiff complains was a result of a "policy, statement, ordinance, regulation or decision officially adopted and promulgated by" the City of North Charleston.  Monell, 436 U.S. 690-691.  Indeed, Plaintiff's main complaint appears to be directed towards the actions or activities of Streetman, Lobik, and

---

[13]In the event Plaintiff has failed to serve the Defendant Grant with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation.

14



Grant, none of whom are even alleged to have been employees of the City of North Charleston. The only connection the City of North Charleston has to the allegations of the Complaint is that Plaintiff alleges that the officer who arrested her, Tamar Driggers, was an employee of the North Charleston Police Department. Amended Complaint, ¶ 38. Plaintiff's Amended Complaint contains no allegations of any ordinance or policy of the City of North Charleston that was or would have been responsible for Driggers "unlawfully" arresting her. Hence, even if Driggers (who is not a Defendant in this case) somehow violated Plaintiff's rights by placing her under arrest, the City of North Charleston cannot be held liable for such conduct under a respondeat superior theory merely because Driggers was a City police officer. Monell, 436 U.S. 690-691 [Finding that municipality may be liable only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officer"]; Carter, 164 F.3d at 218 [Municipality may be liable only where "affirmative decisions of individual policymaking officials", or omissions "by policymaking officials that manifest deliberate indifference to the rights of citizens" or the offending practice(s) are "so persistent and widespread . . . as to constitute a customer usage with the force of law"] (internal citations omitted).

Therefore, the Defendant City of North Charleston is entitled to dismissal as a party Defendant under Plaintiff's First Cause of Action asserting a violation of Plaintiff's constitutional rights. Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976) ["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; Iqbal, 129 S.Ct. at 1949 [Claim subject to dismissal where Plaintiff fails to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) [Plaintiff has burden of alleging facts sufficient



to state all the elements of a claim].

        **Defendants Streetman and Lobik**.  As a result of the foregoing, Streetman and Lobik are the only remaining Defendants under this Cause of Action.  As was the case with the City of North Charleston, the Defendants Streetman and Lobik argue that Plaintiff's Amended Complaint fails to set forth factual allegations sufficient to state a "plausible" claim under § 1983 against either of these two Defendants.  Again, the undersigned is constrained to agree.

        To state a claim for false arrest under the Fourth Amendment, a Plaintiff must establish 1) that there was an arrest; and 2) that the arrest was made without probable cause.  James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3rd Cir. 2012).  Plaintiff also has to show that these two Defendants (Streetman and Lobik) were the ones responsible for her being arrested without probable cause.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["Liability . . . must be based on the personal involvement of the defendant"], cert denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996); see also Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].  Finally, even if Plaintiff has alleged sufficient facts to set forth a "plausible" claim that Streetman and Lobik were responsible for her arrest, her allegations must also not only set forth a "plausible" claim that her arrest was without probable cause, but that she also subsequently received a favorable termination of those charges.  Cf. Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) ["At common law, allegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment . . . ."], quoting Brooks v. City v. City of Winston-Salem, 85 F.3d 178, 181-182 (4th



Cir. 1996); <u>see</u> <u>also</u> <u>Roesch v. Otarola</u>, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution].

 The allegations of Plaintiff's Amended Complaint fail to establish these necessary elements for a false arrest claim against Streetman and Lobik. <u>Dickson</u>, 309 F.3d at 213 [Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Plaintiff identifies Streetman and Lobik as "ombudsman", apparently working for the State (although Plaintiff never actually makes clear in her Amended Complaint whether that is the case).[14] According to the allegations of the Complaint, following her arrest by Driggers, she saw Streetman assisting the residents of her care facility to "unnecessarily" leave the facility. <u>Amended Complaint</u>, ¶¶ 38-40. Plaintiff further blames her allegedly false arrest on "false" charges and accusations made by Streetman and Lobik relating to patient Joseph Roberts. <u>Id.</u>, ¶ 41. Specifically, Plaintiff alleges that Streetman and Lobik "said the man was in poor condition" and that he "needed to go to hospital". <u>Id.</u> However, Plaintiff alleges that in fact Roberts was appropriately cared for, and that this "entire ordeal" may have been the result of a false report and misrepresentation from the Defendant Grant, who was apparently an employee, or former employee, of the Plaintiff's care facility. <u>Id.</u>, ¶¶ 41, 51.

 Streetman and Lobik first argue that they are entitled to dismissal as party Defendants under this cause of action because the Complaint clearly alleges that Driggers was the individual who arrested the Plaintiff, not either one of them. However, even assuming <u>arguendo</u> that Streetman and Lobik may otherwise be held personally responsible for Plaintiff's arrest (even though neither of

---

 [14]However, this Court can take judicial notice that the State of South Carolina has enacted the "Long-Term Care Ombudsman Program" to investigate complaints lodged against residential care facilities. <u>See</u> S.C.Code Ann. § 43-38-10, <u>et</u>. <u>seq</u>.



them actually effected Plaintiff's arrest) on the theory that she was arrested pursuant to a complaint or charge that these Defendants had made, the allegations of the Complaint still fail to establish the necessary element that her arrest was without probable cause sufficient to maintain this claim. James, 700 F.3d at 680 [To state a claim for false arrest, Plaintiff must establish that arrest was made without probable cause]; Wortman v. Spartanburg, 425 S.E. 2d 18, 20 (S.C. 1992) ["The fundamental question in determining whether an arrest is lawful is whether there was 'probable cause' to make the arrest"]; Brooks, 85 F.3d at 181 [No claim for false arrest where arrest was made pursuant to probable cause].

First, the Court notes that Plaintiff was indicted on the charges; see Court Docket No. 22-1; and it has been held that an indictment settles the issue of probable cause for the arrest. See Copeland v. Byrd, No. 16-950, 2016 WL 3101966 at * 2, n. 2 (D.S.C. Apr. 25, 2016), adopted by, 2016 WL3079206 (D.S.C. June 1, 2016) [citing Wilson v. Chickering, No. 15-4166, 2016 WL 422217 at * 2 (D.S.C. Feb. 4, 2016) citing Gatler v. Zappile, 67 F.Supp. 2d 515, 519 (E.D.Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause))]; see also Covington v. Turner, No. 12-2271, 2012 WL 6615222 at 2 (D.S.C. Nov. 14, 2012) [False arrest claims barred because Plaintiff had been indicted], adopted by, 2012 WL 6616236 (D.S.C. Dec. 19, 2012).

Secondly, where a person is convicted on a charge, that in and of itself also establishes probable cause for purposes of a claim for false arrest. Cf. Konon v. Fomal, 612 F.Supp. 68, 71 (D.Conn. 1985) ["Having decided that the criminal charge at issue in the state court was not disposed of in a manner favorable to the [plaintiff] . . . it would be anomalous to allow the [plaintiff] to challenge the existence of probable cause for his arrest and incarceration for that same criminal



charge"] (§ 1983 case); Powers v. Sickler, No. 93-617, 1995 WL 146272, at * 5 (N.D.N.Y. Mar. 31, 1995) ["[A] conviction is conclusive evidence of probable cause"]; see also Zurcher v. Bilton, 666 S.E.2d 224, 226-227 (S.C. 2008) [Plaintiff cannot maintain civil claim for false imprisonment where he has been convicted on the same underlying facts][false imprisonment case]; Jolly v. Doe, 551 S.E.2d 257, 259 (S.C. 2001) [same]. Although Plaintiff attempts to negate a "probable cause" finding by alleging in her Complaint that the charge of "Neglect of a Vulnerable Adult" was "nolle prossed", she also concedes that she was convicted of the charge of "Obstruction of an Investigation of Title 43 Violation". Amended Complaint, ¶¶ 38, 48. Further, Plaintiff's indictment specifically reflects that the original charge of Neglect of a Vulnerable Adult was only nolle prossed because she "pled to related charge under direct indictment". See Exhibit (Court Docket No. 22-1, pp. 2-3).

Finally, Plaintiff's false arrest claim is also barred by Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a claim for damages under § 1983 unless Plaintiff can establish that the nolle prosequi or dismissal of her criminal charge was entered for reasons consistent with her innocence. In order to have sufficiently alleged a lack of probable cause for purposes of her false arrest claim so as to avoid the Heck bar, Plaintiff would need to have set forth sufficient factual allegations to state a "plausible" claim that she had received a *favorable* termination on her criminal charge. Roesch, 980 F.2d at 853-854 [Holding that requirement that Section 1983 plaintiff received favorable termination applies to claim of false arrest] [pre - Wallace]; Key v Miano, No. 11-1613, 2012 WL 5398194, at * 3 (D.S.C. Oct. 10, 2012) [same], adopted by 2012 WL 539819 (D.S.C. Nov. 2, 2012). Although Plaintiff has alleged in her Amended Complaint that her charges were nolle prossed, that was because she pled guilty to a related charge. See Exhibit (Court Docket No. 22-1, pp. 2-3). That is not a favorable disposition of her charges under South Carolina law. McKenney



v. Jack Eckerd Co., 402 S.E.2d 887-888 (S.C. 1991); State v. Gaskins, 210 S.E.2d 590, 592 (S.C.

1974); cf. Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997)["The Plaintiff has the

burden of proving a favorable termination. (Citation omitted). The plaintiff meets his burden of

proof only when he establishes the nolle prosequi was entered for reasons consistent with their

innocence. (Citation omitted)]; Key, 2012 WL 5398194, at 3-4.[15]

        Based on all of the above, Streetman and Lobik are entitled to dismissal as party

Defendants under this cause of action. Further, as Streetman and Lobik are the only two Defendants

remaining under this claim, and as this claim is subject to dismissal in any even under Heck for the

reasons set forth hereinabove, this cause of action should be dismissed in toto.

### Remaining State Law Claims

        Plaintiff's remaining five causes of action are all asserted under state law, and

although they all appear to have been addressed by the Defendants in their motions, if the Court

dismisses Plaintiff's First Cause of Action (which is the only federal claim being asserted in this

---

[15]While it is arguable that a claim for false arrest, as opposed to a claim for malicious prosecution, would not be barred by Heck if a finding that a claimant's arrest was "unlawful" based on a lack of probable cause would not call into question the validity of a subsequent conviction or sentence; cf. Brooks, 85 F.3d at 182-183; but see Covington, 2012 WL 6615227, at * 2 [False arrest claim barred where Plaintiff has been indicted]; here Plaintiff plainly alleges that her arrest was due to false claims or accusations that had been made against her by Streetman and Lobik. As such, success on her false arrest claim would clearly call into question her subsequent conviction, which was based on those same accusations. See Court Docket No. 22-1; see also Washington, 127 F.3d at 557 ["The circumstances surround the cessation of the criminal proceedings must compel an inference that reasonable grounds to pursue the criminal prosecution were lacking"]. One other possible exception to Heck could be where a Plaintiff has yet to be convicted on the charges. See Simmons v. Beam, No. 15-3401, 2016 WL 4035457 at * 2 n. 7 (D.S.C. July 28, 2016) ["Although Heck does not apply to claims of false arrest in the pre-conviction context when criminal charges are still pending, see Wallace v. Kato, 549 U.S. 384 (2007), that is not the case here because Plaintiff has been convicted"]. However, as discussed hereinabove, Plaintiff was convicted on related charges in this case.



lawsuit), these pendant state law claims should all also be dismissed under <u>United Mine Workers</u> <u>v. Gibbs</u>, 383 U.S. 715 (1966), and its progeny.  <u>See</u> <u>In Re</u> <u>Conklin</u>, 946 F.2d 306, 324 (4th Cir. 1991); <u>Nicol v. Imagematrix, Inc.</u>, 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); <u>Mills v. Leath</u>, 709 F.Supp. 671, 675-676 (D.S.C. 1988); <u>Carnegie-Melon v. Cohill</u>, 484 U.S. 343 (1988); <u>Taylor v.</u> <u>Waters</u>, 81 F.3d 429, 437 (4th Cir. 1996).

<u>Gibbs</u> provides that where federal claims in a lawsuit originally filed in a United States District Court are dismissed, leaving only state law causes of action, dismissal of the remaining state law claims without prejudice is appropriate in order to allow the Plaintiff to pursue and obtain a ruling as to the viability of his or her state law claims in a more appropriate forum.  <u>See</u> <u>generally</u>, <u>Gibbs</u>, 383 U.S. at 726 ["Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"]; <u>Carnegie–Mellon</u>, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state law claims."].[16]  Further, if Plaintiff's state law claims were to survive the Defendants' motions to dismiss, it would be much more appropriate for those claims to be tried by the state courts.

Finally, dismissal of Plaintiff's state law claims would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they

---

[16]Plaintiff could, of course, maintain his state claims in this court if there was diversity jurisdiction in this case.  <u>See</u> 28 U.S.C. § 1332(a).  However, all of the parties are alleged to be South Carolina residents.  <u>See</u> Court Docket No. 17, pp. 1-2.  Therefore, diversity jurisdiction is not available.



were pending in federal court and for thirty days afterwards.[17]  See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, 204 F.3d 109, 123–124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099–1100 (11th Cir.1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"].  Therefore, Plaintiff would be able to refile her state claims in state court, if she chooses to do so, assuming of course that they were timely asserted initially through the filing of this action.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motions to dismiss Plaintiff's First Cause of Action asserting a claim for false arrest under 42 U.S.C. § 1983 be **granted**, and that that claim be **dismissed** for the reasons stated.  Plaintiff's remaining state law causes of action should then be **dismissed**, without prejudice.  Plaintiff may then refile her state law claims in state court, if she chooses to do so.  Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].[18]

---

[17]Although the Defendants raise statute of limitations defenses to Plaintiff's state law claims, that issue (along with the other grounds for dismissal of Plaintiff's state law claims set forth in Defendants' briefs), in the absence of any federal jurisdiction over these claims, is more properly decided by the state courts.  See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"].

[18]If the Court adopts the recommendations set forth herein for dismissal of Plaintiff's claims, the service issues with respect to Defendant Grant discussed in the "Service of Process Issues" section of this opinion would appear to be moot.  Even so, in the event these recommendations may not be adopted, or perhaps in the event this issue may have some bearing on the viability of Plaintiff's claims in state court, if Plaintiff wishes to pursue her claims involving Grant, she needs to comply with the instructions set forth in the "Service of Process Issues" section as set forth therein.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 15, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

