IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrea J. Magwood, ) | No: 2:15-cv-1600-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Alice Streetman; Patty Lobik; North ) | |
| Charleston Building Inspection; North ) | |
| Charleston Police Department; South ) | |
| Carolina Department of Labor, Licensing, ) | |
| and Regulation; and Geraldine Grant; ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 33). The Magistrate Judge recommends dismissing Plaintiff's first cause of action—a claim for false arrest under 42 U.S.C. § 1983—and dismissing Plaintiff's remaining state law causes of action without prejudice. In addition, the Magistrate Judge also recommends dismissing Defendant Grant unless Plaintiff shows good cause or provides proof of service. For the reasons set forth below, the Court **ADOPTS** the R & R as the order of the Court.

Plaintiff initially brought this action *pro se* on April 13, 2015. (Dkt. No. 1). Plaintiff subsequently obtained counsel and filed an amended complaint on September 24, 2015. (Dkt. No. 12). Plaintiff alleges six causes of action against Defendants. The first cause of action is a false arrest claim pursuant to 42 U.S.C. § 1983, and the remaining 5 causes of action are state law claims. (*See id.*).

Defendants North Charleston Police Department, North Charleston Building Inspection Department, Alice Streetman, Patty Lobik, and South Carolina Department of Labor, Licensing,

1

and Regulation all filed motions to dismiss. (Dkt. Nos. 19, 21, 22). Plaintiff filed responses (Dkt. Nos. 25-27), and Defendants filed replies (Dkt. Nos. 28-30). The Magistrate Judge subsequently issued an R & R recommending that this Court dismiss grant Defendants' motions to dismiss the § 1983 claim, and further recommended that the Court dismiss Plaintiff's state law claims without prejudice so that Plaintiff could refile them in state court, if she so elects. (Dkt. No. 33). In addition, the R & R ordered Plaintiff to provide proof of service for Defendant Grant or show good cause for why Defendant Grant was not served. (*Id.* at 13–14). Plaintiff has not filed any objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court, having reviewed the complaint, Plaintiff's response to Defendants' motions to dismiss, Defendants' replies, and the R & R, finds no clear error, and agrees with and adopts the R & R as the order of the Court. Accordingly, the Court therefore **GRANTS** Defendants' motions in part and **DENIES** them in part. (Dkt. Nos. 19, 21, 22). The Court dismisses Plaintiff's § 1983 claim against Defendants, and dismisses Plaintiff's remaining state law claims

against them without prejudice pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In addition, because Plaintiff failed to provide proof of service on Defendant Grant or present good cause for failure to serve Defendant Grant, Defendant Grant is dismissed as a defendant.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

September 21, 2016
Charleston, South Carolina